Brian E. Mitchell (SBN 190095)
Marcel F. De Armas (SBN 289282)
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Edward A. Pennington (*pro hac vice* application to be filed)
John P. Pennington (*pro hac vice* application to be filed)
Jennifer L. Feldman (*pro hac vice* application to be filed)
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Tel: (202) 263-4300
Fax: (202) 263-4329
epennington@sgrlaw.com
jpennington@sgrlaw.com
jfeldman@sgrlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CARACAL ENTERPRISES LLC,<br><br>and<br><br>CARACAL CONSULTING INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT SURANYI,<br><br>ROBERT SURANYI SYSTEMS SUPPORT,<br><br>and<br><br>PASSPORT INC.<br><br>　　　　Defendants. | CASE NO.  3:16-cv-5073<br><br>**COMPLAINT** |

1.　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

**SUMMARY OF THE ACTION**

1. This is an action by Caracal Enterprises LLC D/B/A "Ventek International," and Caracal Consulting Inc. (collectively, referred to as "Ventek" or "Plaintiffs") against Robert Suranyi, Robert Suranyi Systems Support (individually, referred to as "RSSS") and Passport Inc. (individually referred to as "Passport") (Mr. Suranyi, RSSS and Passport are collectively referred to as "Defendants").

2. Plaintiffs are leaders in automated payment processing and parking citation/compliance enforcement systems for city governments, police departments and retail merchants. As more fully described below, Defendants have engaged in a series of unfair and deceptive acts designed to unfairly compete with Plaintiffs by appropriating to themselves the proprietary technology owned exclusively by Plaintiffs for parking citation/ compliance enforcement systems. Defendants fraudulently obtained Plaintiffs' software for their own impermissible commercial purposes, targeted Plaintiffs' customers and potential customers, and violated Plaintiffs' copyrights.

3. Plaintiffs seek injunctive relief and damages (including treble and punitive damages) and other relief from Defendants for 1) misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; 2) misappropriation under California Civil Code § 3426, *et seq.*; 3) copyright infringement; 4) intentional interference with prospective economic relations; and 5) unfair competition under California Business and Professions Code § 17200, *et seq*.

**THE PARTIES**

4. Plaintiff Caracal Enterprises LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Petaluma, California.

5. Plaintiff Caracal Consulting Inc. is a corporation organized and existing under the laws of British Columbia with its principal place of business at 700-401 W. Georgia St., Vancouver, BC, V6B 5A1.

6.      Upon information and belief, Mr. Suranyi is an individual residing in British Columbia.

7.      Upon information and belief, RSSS is a sole proprietorship organized and existing under the laws of British Columbia.

8.      Upon information and belief, Passport is a corporation organized and existing under the laws of the State of North Carolina with a principal place of business in Charlotte, North Carolina.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction of this action under the following: 28 U.S.C. 1338(a), as an action arising under an Act of Congress relating to copyrights (17 U.S.C. §§ 101, *et seq.*); 28 U.S.C. § 1338(b), as an action arising under an Act of Congress relating to copyrights joined with a claim for unfair competition; 18 U.S.C. § 1890, as an action relating to trade secrets; and this Court's supplemental jurisdiction.  Furthermore, there is complete diversity and the amount in controversy, on information and belief, exceeds the jurisdictional amount, and thus, this action is also subject to the Court's diversity jurisdiction under 28 U.S.C. § 1332.

10.     Passport is subject to this Court's specific personal jurisdiction pursuant to due process and the California long-arm statute, due at least to its substantial business in this forum, including: (i) at least a portion of the actions giving rise to the infringement, intentional interference, misappropriation, and unfair competition described herein; and (ii) regularly doing or soliciting business, or engaging in other persistent courses of conduct in this district.

11.     Mr. Suranyi is subject to this Court's specific personal jurisdiction pursuant to due process and the California long-arm statute, due at least to the actions giving rise to the infringement, intentional interference, misappropriation, and unfair competition described herein.

12.     RSSS is subject to this Court's specific personal jurisdiction pursuant to due process and the California long-arm statute, due at least to the actions giving rise to the infringement, intentional interference, misappropriation, and unfair competition described herein.

3.                                                         **COMPLAINT**

# FACTUAL ALLEGATIONS

### A. Ticket Manager Software

13. In the 1990's a company known as Real Data Systems Inc. ("Real Data") authored and owned the original copyright to a computer program consisting of various components (collectively, the "TicketManager Software"), which automates the process of issuing parking citations and processing citation payments using certain methods that are confidential, proprietary and trade secret information.

14. In or about 1998, Real Data conveyed all right, title, and interest in the TicketManager Software, including copyrights, to a company known as Epic Data Corp ("Epic").

15. In or about 2007, Epic conveyed all right, title, and interest, including copyrights, to the TicketManager Software from Epic to Checker Wireless Inc. ("Checker").

16. In or about 2008, Checker conveyed all right, title and interest, including copyrights, to the TicketManager Software from Checker to APARC Systems Ltd. ("APARC").

17. In or about September 9, 2014, APARC conveyed all right, title and interest, including copyrights, to the TicketManager Software from APARC to Parktoria Technologies Inc. ("Parktoria").

18. On or about April 17, 2015, Parktoria made an assignment in bankruptcy.

19. On or about May 5, 2015, Caracal Consulting purchased all right, title, and interest in the intangible assets of Parktoria, including the TicketManager Software and ownership of all intellectual property rights, including copyrights, from Parktoria's bankruptcy trustee.

20. Effective May 7, 2015, Caracal Consulting granted an exclusive license (the "License") to Caracal Enterprises to use the TicketManager Software, to grant licenses and sublicenses of the TicketManager Software to third parties, and to provide support services related to the TicketManager Software.

21. Under the License, Caracal Enterprises grants and offers to grant licenses to the TicketManager Software and services related thereto to third parties through license agreements throughout the United States and British Columbia for monetary compensation.

22. Currently, Caracal Enterprises has license agreements to provide TicketManager Software and services to several third parties located in the United States.

23. The TicketManager Software's ability to automate the process of issuing parking citations and processing citation payments has significant economic value to Plaintiffs because it is not known or available to competitors and others. A competitor with unauthorized access to the TicketManager Software would have an unfair competitive advantage that could enable them to use the TicketManager Software to underprice Plaintiffs' price quotations, and to service and divert Plaintiffs' customers.

24. Plaintiffs have taken significant steps to protect the confidentiality of the TicketManager Software. Plaintiffs have enacted strict confidentiality policies and licensees are required to enter into agreements containing confidentiality provisions precluding disclosure of the TicketManager Software.

**B. The Copyrighted Materials.**

25. The TicketManager Software contains a number of computer programs, the source code for which contains copyrightable subject matter under the laws of the United States. The TicketManager Software also contains a structure, sequence and organization in the form of its syntax, calls, commands and procedures. Caracal Consulting is the sole owner of all right, title and interest, including copyright, in both TicketManager Software's source code and its structure, sequence and organization ("Copyrighted Materials").

26. On or about December 15, 2015, Caracal Consulting registered its ownership of the copyright in the TicketManager Software in British Columbia and received from the Canadian Intellectual Property Office a certificate of registration identified as Registration No. 1126634 (Attached hereto as "**Exhibit A**").

27. On August 8, 2016, Caracal Consulting applied for registration with the United States Copyright Office of the copyright in the TicketManager Software. Registration was granted, effective August 8, 2016 (Registration No. TXu 2-003-532 – Attached hereto as "**Exhibit B**").

**C. Actions of Defendants**

28. Mr. Suranyi was an employee of each of Real Data, Epic, Checker, APARC, and Parktoria.

29. While employed by the aforementioned companies, Mr. Suranyi worked on the development of the source code for the TicketManager Software as well as the management and support of the TicketManager Software.

30. At all material times, since at least May 5, 2015, Mr. Suranyi has been aware that Caracal Consulting is the owner of the TicketManager Software and intellectual property rights related thereto.

31. On information and belief, Mr. Suranyi reproduced the TicketManager Software, in whole or insubstantial part, without the authorization or approval of Caracal Consulting, Caracal Enterprises, Parktoria or Parktoria's bankruptcy trustee.

32. On information and belief, Mr. Suranyi copied the TicketManager Software, without authorization or approval from Caracal Consulting, Caracal Enterprises, Parktoria or Parktoria's bankruptcy trustee, which he then saved to his personal computer.

33. On information and belief, without the authorization or approval of Plaintiffs, Mr. Suranyi and RSSS have used, and intend to continue to use, the TicketManager Software in direct competition with Plaintiffs.

34. On information and belief, Mr. Suranyi and/or RSSS works with Passport as an employee or independent contractor.

35. On information and belief, Passport has used and intends to continue using, with assistance from Mr. Suranyi and/or RSSS, the TicketManager Software without authorization or approval from Plaintiffs.

36. On information and belief, Passport is aware of Caracal Consulting's ownership of the TicketManager Software and that use of the TicketManager Software was and is in violation of the laws of the United States.

37. On information and belief, Defendants have actual or constructive knowledge of Caracal Consulting's ownership of the above-described copyrights and that their use of the Copyrighted Materials was and is in violation of the copyright laws of the United States.

38. On information and belief, Defendants have targeted actual and prospective customers of Plaintiffs and induced them to license Passport's competing products by offering the Copyrighted Materials without authorization or approval from Plaintiffs.

39. On information and belief, Passport has received compensation from third parties through its unauthorized reproduction and use of the TicketManager Software.

**COUNT I – MISAPPROPRIATION OF TRADE SECRETS
UNDER THE DEFEND TRADE SECRETS ACT
(18 U.S.C. § 1836, *et seq.*)**

40. Plaintiffs repeat, reallege, and incorporate by reference the prior allegations of this Complaint as if fully set forth herein.

41. Plaintiffs own and possess certain confidential, proprietary and trade secret information, as alleged above.

42. This confidential, proprietary, and trade secret information relates to products and services, sold, shipped and ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

43. As alleged above, Plaintiffs have taken reasonable measures to keep such information secret and confidential including, among other means, limiting access to confidential information to specific employees and licensees bound by agreements that include confidentiality provisions.

44. This confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information.

45. In violation of Plaintiffs' rights, Defendants misappropriated the confidential, proprietary, and trade secret information in the improper and unlawful manner as alleged herein.

7.  **COMPLAINT**

46. Defendants' misappropriation of the confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

47. On information and belief, Defendants have used and disclosed to others the confidential, proprietary, and trade secret information for their own benefit and to the detriment of Plaintiffs.

48. Defendants have failed to return Plaintiffs' confidential, proprietary, and trade secret information and attempted to conceal Mr. Suranyi's theft of such information. On information and belief, if Defendants' conduct is not remedied, and if Defendants are not enjoined, Defendants will continue to misappropriate, disclose, and use the confidential, proprietary, and trade secret information for Defendants' benefit and to the detriment of Plaintiffs.

49. As the direct and proximate result of Defendants' conduct as aforesaid, Plaintiffs have suffered and, if Defendants conduct is not stopped, Plaintiffs will continue to suffer, irreparable injury and significant damages, in an amount to be proven at trial.

50. Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and other legitimate business interests against Defendants. Plaintiffs' businesses are reliant on their reputation and their ability to grow their client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

51. Plaintiffs have a substantial likelihood of success on the merits because of Defendants' willful misappropriation of trade secrets through improper and unlawful methods, as alleged herein.

**COUNT II – MISAPPROPRIATION OF TRADE SECRETS
UNDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT
(California Civil Code § 3426, *et seq.*)**

52. Plaintiffs repeat, reallege, and incorporate by reference the prior allegations of this Complaint as if fully set forth herein.

53. Plaintiffs own and possess certain confidential, proprietary, and trade secret information, as alleged above.

54. Plaintiffs have taken reasonable measures to keep such information secret and confidential, including, among other means, limiting access to confidential information to employees and licensees bound by agreements that include confidentiality provisions.

55. This confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by another person who could obtain economic value from the disclosure or use of the information.

56. In violation of Plaintiffs' rights, Defendants misappropriated the confidential, proprietary, and trade secret information in the improper and unlawful manner as alleged herein.

57. As the direct and proximate result of Defendants' misappropriation as aforesaid, Plaintiffs have suffered and, if Defendants' conduct is not enjoined, Plaintiffs will continue to suffer irreparable injury, as well as damages in an amount to be determined at trial.

58. Because Plaintiffs' remedies at law are inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary and permanent injunctive relief to recover and protect their trade secrets and other legitimate business interests.

59. Plaintiffs have a substantial likelihood of success on the merits because of Defendants' blatant misappropriation of trade secrets as set forth herein.

60. Defendants' acts were malicious, fraudulent, and oppressive, and were done with conscious disregard of Plaintiffs' rights, all within the meaning of California Civil Code Section 3294, in that Defendants misappropriated Plaintiffs' trade secret information intentionally and knowingly and with a deliberate intent to benefit themselves and to injure Plaintiffs' businesses. Plaintiffs are entitled to damages, in an amount to be determined at trial, as well as injunctive relief and an award of punitive damages and/or treble damages and attorneys' fees pursuant to California Civil Code Sections 3426.3(c) and 3426.4.

**COUNT III – COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 101 *et seq.*)**

61. Plaintiffs repeat, reallege, and incorporate by reference the prior allegations of this Complaint as if fully set forth herein.

62. Upon information and belief, Defendants have infringed Plaintiffs' copyrights, including U.S. Registration No. TXu 2-003-532, by reproducing, copying and using the copyrighted aspects of the TicketManager Software without authorization or approval from Plaintiffs, as alleged above.

63. Unless they are enjoined, Defendants will continue to perform the acts complained of herein, to Plaintiffs' irreparable injury.

64. Defendants' acts of copyright infringement were, and are, intentional, willful and deliberate under 17 U.S.C. § 504.

**COUNT IV – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

65. Plaintiffs repeat, reallege, and incorporate by reference the prior allegations of this Complaint as if fully set forth herein.

66. Plaintiffs had a reasonable business expectancy and ongoing relationship with customers. Plaintiffs had a reasonable expectation in engaging in business with, and in earning profits in connection with sales to, (a) Plaintiffs' customers with whom Defendants dealt, (b) Plaintiffs' potential customers with whom Defendants dealt, and (c) customers who were involved in negotiations and discussions with both Plaintiffs and Defendants.

67. As described above, Defendants have intentionally induced Plaintiffs' customers and potential customers to license Passport's competing products using the TicketManager Software without authorization or approval from Plaintiffs. But for the intentional interference of Defendants, Plaintiffs' customers would have renewed their licenses with Caracal Enterprises and potential customers would have entered into new licenses with Caracal Enterprises.

68. Defendants knew of Plaintiffs' business relationship and business expectancy from the customers.

69. Defendants intentionally, and in violation of their duties, interfered with that expectancy by diverting existing and prospective accounts, and by other improper means. Defendants engaged in this diversion through fraudulent and deceitful conduct, such as that alleged herein, and other conduct that may be discovered.

70. Defendants' misconduct was intentional, outrageous, and deceitful, and committed in reckless disregard of Defendants' duties and Plaintiffs' rights.

71. As a direct and proximate result of Defendants' improper conduct, Plaintiffs have suffered damages including lost profits in an amount to be determined at trial.

**COUNT V – VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

72. Plaintiffs repeat, reallege, and incorporate by reference the prior allegations of this Complaint as if fully set forth herein.

73. Defendants, on information and belief, knowingly performed acts to pirate away the fruits of Plaintiffs' customer base, including, but not limited to: interfering with the prospective economic advantage Plaintiffs have with their customers, deceiving Plaintiffs' customers, diverting and attempting to divert customers through the use of trade secrets misappropriated from Plaintiffs, and by engaging in other acts alleged herein including copyright infringement. These acts constitute unlawful, unfair, and/or fraudulent business practices and unfair competition prohibited under California Business and Professions Code Sections 17200 *et seq*. These acts are unlawful under at least, but not limited to, the Defend Trade Secrets Act, the California Uniform Trade Secrets Act, U.S. Copyright Law, and California tort law. In addition, these acts unfairly impact Plaintiffs with no adequate justification, offend public policy, and/or are immoral, unethical, unscrupulous, oppressive, or substantially injurious to consumers. Furthermore, members of the public are likely to be deceived by Defendants' actions, which are fraudulent.

74. As a result of such acts, Plaintiffs have suffered, and will continue to suffer, irreparable harm by Defendants' unfair practices and unfair competition, including but not limited to a loss and/or deprivation of money and business, and harm to Defendants' business reputation,

good will and stature in the business community and with their customers, for which there is no adequate remedy at law, thereby justifying injunctive relief.

75. Until and unless injunctive relief is granted, Plaintiffs will be harmed and Defendants will be unjustly enriched; such unjust enrichment should be disgorged pursuant to allowable remedies under California Business and Professions Code Sections 17200 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully demand judgment in their favor and against Defendants as follows:

A. Awarding damages as described in each of the above claims, in favor of Plaintiffs and against Defendants in amounts to be determined at trial.

B. Granting a temporary, preliminary and permanent injunction against Defendants, enjoining them from using Plaintiffs' confidential and proprietary information and directing the return of all of Plaintiffs' property.

C. Awarding punitive damages in favor of Plaintiffs and against Defendants in an exact amount to be determined at trial.

D. Awarding Plaintiffs' pre-judgment and post-judgment interest, and their attorneys' fees, costs and other expenses incurred in this action.

E. Granting Plaintiffs' such other and further relief as this Court deems just and proper.

Dated: September 1, 2016            Respectfully submitted,

*/s/ Edward A. Pennington*
Edward A. Pennington (*pro hac vice* application pending)
John P. Pennington (*pro hac vice* application pending)
Jennifer L. Feldman (*pro hac vice* application pending)
SMITH, GAMBRELL RUSSELL, LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Tel: (202) 263-4300
Fax: (202) 263-4329
epennington@sgrlaw.com
jpennington@sgrlaw.com

jfeldman@sgrlaw.com

Brian E. Mitchell (SBN 190095)
Marcel F. De Armas (SBN 289282)
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:(415) 766-3514
Facsimile:(415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

*Attorneys for Plaintiffs*

13.                                          **COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all claims as to which they have a right to a jury.

Dated:  September 1, 2016

Respectfully submitted,

*/s/ Edward A. Pennington*
Edward A. Pennington (*pro hac vice* application pending)
John P. Pennington (*pro hac vice* application pending)
Jennifer L. Feldman (*pro hac vice* application pending)
SMITH, GAMBRELL  RUSSELL, LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Tel: (202) 263-4300
Fax: (202) 263-4329
epennington@sgrlaw.com
jpennington@sgrlaw.com
jfeldman@sgrlaw.com

Brian E. Mitchell (SBN 190095)
Marcel F. De Armas (SBN 289282)
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

*Attorneys for Plaintiffs*