UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARACAL ENTERPRISES LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT SURANYI, et al., <br><br> Defendants. | Case No. 16-cv-05073-RS <br><br> **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## I. INTRODUCTION

Defendants Robert Suranyi and his sole proprietorship Robert Suranyi Systems Support move to dismiss plaintiffs Caracal Enterprises LLC and Caracal Consulting Inc.'s action for lack of personal jurisdiction. Because plaintiffs make no showing defendants were aware of California-based Caracal Enterprises, and for other reasons provided herein, the motion is granted and the action is dismissed.

## II. BACKGROUND

Suranyi, a resident of British Columbia, was formerly employed by a series of companies for which he developed TicketManager, a software system that helps municipalities manage and enforce parking tickets. In 2015, Suranyi's employer, Parktoria, declared bankruptcy and purportedly sold TicketManager to British Columbia-based plaintiff Caracal Consulting. Around the same time, Suranyi started Robert Suranyi Systems Support and organized it under the laws of British Columbia. According to plaintiffs, Suranyi improperly made a copy of TicketManager and related data on the day he learned of Parktoria's bankruptcy, and continued to use it after the bankruptcy. Plaintiffs claim Suranyi learned in May 2015 that Caracal Consulting had purchased TicketManager.

Later that year, Suranyi engaged in talks with Caracal Technologies, "a company related to Plaintiffs [that] typically provides ongoing maintenance and support to TicketManager users," Opp'n at 6, to discuss possible employment. On October 6, 2015, Suranyi met with Caracal Technologies at their Vancouver office; apparently present at the meeting was Phil Wilkinson, the chief operating officer of plaintiff Caracal Enterprises, a California-based licensee of TicketManager. Suranyi declares that, although he met Wilkinson, he was unaware of the existence of Caracal Enterprises, and thus necessarily unaware it was based in California. In contrast, plaintiffs claim Suranyi knew Caracal Enterprises to be a resident of California, but provide no facts supporting the claim or otherwise refuting Suranyi's declaration. Indeed, their purported source for the claim, a declaration by Wilkinson, offers no support for it.[1] Plaintiffs further claim Suranyi has communicated, and perhaps continues to communicate, with North Carolina-based PassportParking, Inc. ("Passport") in order to obtain assistance operating TicketManager. Specifically, the evidence indicates Suranyi communicated with Passport in order to obtain for some of his Canadian customers Passport-held data about parking tickets issued by those customers in Canada.

Plaintiffs initiated this action on September 1, 2016, and filed a first amended complaint on September 16.[2] The complaint advances five claims for relief related to Suranyi's alleged theft and misappropriation of TicketManager software: misappropriation of trade secrets under 18 U.S.C. § 1836, *et seq.*; misappropriation of trade secrets under California Civil Code section 3426, *et seq.*; copyright infringement under 17 U.S.C. § 101, *et seq.*; intentional interference with prospective economic advantage; and violation of California's Unfair Competition Law, California Business and Professions Code section 17200 *et seq.* Suranyi filed a motion to dismiss on December 26, 2016, arguing neither he nor his company is subject to personal jurisdiction in

---

[1] The Wilkinson declaration nowhere asserts Suranyi knew Caracal Enterprises to be based in California, or knew of Caracal Enterprises at all. *See* Wilkinson Decl. ¶¶ 9-13.

[2] Plaintiffs apparently maintain an ongoing lawsuit in British Columbia against defendants regarding the same allegations.

United States District Court
Northern District of California

the state of California. Defendants oppose the motion, asserting California has specific personal jurisdiction over the defendants under California's long-arm statute (which reaches to the limits of the Due Process Clause), or that personal jurisdiction may be exercised according to Federal Rule of Civil Procedure 4(k)(2).

### III. LEGAL STANDARD

An action is subject to dismissal if the Court lacks personal jurisdiction over the defendants. *See* Fed. R. Civ. P. 12(b)(2). Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the personal jurisdiction law of the state where the federal court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). California law requires only that the exercise of personal jurisdiction comply with federal due process requirements. *See id.* at 800-01. Personal jurisdiction over a defendant that does not reside in the forum state may be exercised consistent with due process if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice" (specific jurisdiction). *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946) (citation and internal quotation marks omitted). Federal Rule of Civil Procedure 4(k)(2) "may, in limited circumstances, be a basis for establishing jurisdiction where 'the United States serves as the relevant forum for a minimum contacts analysis.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002)).

### IV. DISCUSSION

Specific jurisdiction can be exercised over a non-resident defendant when three requirements are satisfied: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must

comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (citation omitted). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78). The plaintiff need only make a prima facie showing of jurisdiction to defeat a motion to dismiss, but "may not simply rest on the bare allegations of the complaint." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks and alteration omitted). "[U]ncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (internal quotation marks and alteration omitted).

### A. Specific Jurisdiction in California

To determine whether California has personal jurisdiction over defendants, it is only necessary to reach the first requirement of the three-part specific jurisdiction inquiry ― purposeful availment or direction ― because plaintiffs clearly fail to satisfy it. Both parties agree that here the relevant consideration for the first prong of the specific jurisdiction inquiry is whether Suranyi "purposefully directed his activities" at California. Purposeful direction is evaluated according to the three-part *Calder* test. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). The "test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citations and internal quotation marks omitted).

Although plaintiffs make a prima facie showing Suranyi committed intentional acts, they make no showing those acts were *expressly targeted at California* or that Suranyi knew the harm flowing from those acts *was likely to be felt in California*. *See id.* This is because plaintiffs make no showing Suranyi knew of the existence of Caracal Enterprises, let alone that it had licensed TicketManager or was based in California. *Supra* Part II; *see Ranza*, 793 F.3d at 1068. Thus, plaintiffs cannot satisfy the *Calder* test for purposeful direction, and therefore they cannot satisfy

ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 16-cv-05073-RS
4

the first prong of the personal jurisdiction inquiry requiring purposeful availment or direction.

Even if, however, Suranyi knew of Caracal Enterprises, and knew that it was based in California, those facts alone would not allow plaintiffs to satisfy the *Calder* test because "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). Simply put, "the plaintiff cannot be the only link between the defendant and the forum. . . . [I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (citing *Burger King*, 471 U.S. at 478). Here, the only claimed contact between Suranyi and California is the fact that Suranyi allegedly misappropriated TicketManager, and TicketManager had been licensed by Caracal Enterprises, a California company. This is not a sufficient connection to support personal jurisdiction. *See id.* ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State." (quoting *Burger King*, 471 U.S. at 475)); *Picot*, 780 F.3d at 121; *see also Erickson v. Nebraska Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849 (N.D. Cal. July 6, 2015) (declining to exercise jurisdiction over Nebraska defendant who allegedly copied photographs belonging to California plaintiff and posted them online without permission); *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-CV-02991-JST, 2015 WL 5834135 (N.D. Cal. Oct. 7, 2015) (declining to exercise jurisdiction over Pennsylvania defendant who allegedly sold unauthorized versions of California plaintiff's software online).[3]

---

[3] Plaintiffs' arguments for purposeful direction (which erroneously assume Suranyi's awareness of Caracal Enterprises) rest primarily on *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012) and related cases. *See, e.g., id.* at 678-79 (holding defendant's "alleged willful infringement of [plaintiff's] copyright, and its knowledge of both the existence of the copyright and the forum of the copyright holder, is sufficient . . . to satisfy the express aiming requirement" of the *Calder* test); *Fighter's Mkt., Inc. v. Champion Courage LLC*, No. 316CV01271GPCBGS, 2016 WL 4879437, at *5 (S.D. Cal. Sept. 14, 2016) (quoting *Washington Shoe*, 704 F.3d at 675) (express aiming element of *Calder* test satisfied "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum

**B. Specific Jurisdiction in the United States Pursuant to Rule 4(k)(2)**

"The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors. . . . First, the claim against the defendant must arise under federal law. . . . Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process." *Pebble Beach*, 453 F.3d at 1159 (citation omitted). The first two of these requirements are likely satisfied; plaintiffs bring federal claims for copyright infringement and misappropriated trade secrets,[4] and it appears defendants' do not have sufficient minimum contacts to be subject to personal jurisdiction in any state. Even if those requirements are met, jurisdiction under Rule 4(k)(2) is nonetheless improper because it would not comport with due process.

"The due process analysis [for Rule 4(k)(2)] is identical to . . . when the forum was California, except here the relevant forum is the entire United States." *Id.* Thus, the defendant must have purposefully directed his activities at the United States, the claim must arise out of or relate to the defendant's United States-related contacts, and the exercise of jurisdiction must

---

state" (internal quotation marks omitted)).  These cases have been cast into doubt by *Walden*, 134 S. Ct. 1115, and *Picot*, 780 F.3d 1206, which post-date *Washington Shoe* and require more than simply the plaintiff's residence in the forum state. *See Erickson*, 2015 WL 4089849, at *3 (citations omitted) ("[*Walden*] rejected the idea, inherent in *Washington Shoe*, that a defendant's knowledge of a plaintiff's forum connections and the foreseeability of harm there are enough in themselves to satisfy the minimum contacts analysis. . . . The Court thinks these holdings cannot be reconciled, and that *Walden* overrides *Washington Shoe* generally, and certainly with respect to the specific holding plaintiffs cite it for here."); *Adobe*, 2015 WL 5834135 (citations omitted) ("[T]he *Picot* court rejected plaintiff's argument, which relied on *Washington Shoe*, that the express aiming prong was met because the defendant targeted a California resident. . . . This Court agrees with the *Erickson* court that the holding in *Washington Shoe* cannot be reconciled with *Walden* and that *Walden* effectively overrules *Washington Shoe*.").  It is worth noting, however, that *Walden* explicitly refused to consider the effect of its holding in the context of "virtual contacts" where "intentional torts are committed via the Internet or other electronic means." 134 S. Ct. 1125 n.9. (*Picot* includes no such disclaimer. *See* 780 F.3d 1206). In any event, plaintiffs' case for jurisdiction must fail because they make no showing Suranyi was aware of Caracal Enterprises.

[4] Plaintiffs argue pendant personal jurisdiction would be appropriate for their state-law claims. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004).

comport with fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Again, purposeful direction is to be judged according to the *Calder* test. *Id.* at 803.

For the same reason plaintiffs cannot satisfy the *Calder* test with respect to California, they cannot satisfy it with respect to the United States; they fail to carry their burden of making a prima facie showing Suranyi expressly aimed an intentional act at the United States, or that he knew harm from his act would be felt in the United States. Defendants make no showing Suranyi was aware of Caracal Enterprises and that it was based in the United States. *See supra* Parts II, IV.A.

Moreover, even if Suranyi had known these facts, jurisdiction under Rule 4(k)(2) would still be improper, because Caracal Enterprises' California residence is not sufficient to show Suranyi purposefully directed is activities at the United States. *See supra* Part IV.A. The same is true with regards to Suranyi's communications with North Carolina-based Passport, the plaintiffs' other purported basis for jurisdiction under Rule 4(k)(2). Plaintiffs' allegations and evidence regarding Suranyi's communications with Passport do not amount to a prima facie showing of purposeful direction. The mere fact Suranyi communicated with a North Carolina-based company (apparently regarding matters exclusively relating to Canada) is not sufficient to show he purposefully directed is activities at the United States. *See Picot*, 780 F.3d at 1214 ("personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum"); *see also Erickson*, 2015 WL 4089849; *Adobe*, 2015 WL 5834135. Accordingly, plaintiffs have not established the Court may exercise personal jurisdiction over defendants.

### C.  Jurisdictional Discovery

Plaintiffs argue they should be allowed jurisdictional discovery if the Court determines it cannot exercise personal jurisdiction over defendants. While "discovery should be granted when . . . the jurisdictional facts are contested or more facts are needed," *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), the Court need not permit even limited jurisdictional discovery when "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Pebble Beach*,

453 F.3d at 1160 (citation and internal quotation marks omitted).  Accordingly, no jurisdictional discovery is warranted here.  Plaintiffs have not raised any contested facts; they have made only the bare allegation (unsupported by their own evidence) that Suranyi was aware of Caracal Enterprises (and aware it was based in California) in the face of Suranyi's specific denial of those facts.  Moreover, their theories for personal jurisdiction are irreparably attenuated, based only on a plaintiff's contacts with California and a third-party's contacts with North Carolina.

## V.  CONCLUSION

For the foregoing reasons, no jurisdictional discovery shall occur, and plaintiffs' complaint is dismissed with prejudice for lack of personal jurisdiction.

**IT IS SO ORDERED**.

Dated: February 2, 2017

_____
RICHARD SEEBORG
United States District Judge